IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KARA R. MORGAN                                                                                   PLAINTIFF

v.                                        CIVIL NO. 20-5198

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Kara R. Morgan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on August 22, 2018, alleging an inability to work since July 12, 2016,[2] due to several bilateral hand surgeries, a history of a broken neck, depression, and anxiety. (Tr. 146, 232, 234, 242). An administrative hearing was held on January 30, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 67-93).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through her counsel, amended her alleged onset date to May 21, 2017. (Tr. 71).

1

By written decision dated June 3, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: bilateral wrist osteoarthritis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a legal secretary. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 16, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 15, 16).

## II.   Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because

substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental impairment that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th

Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "To find a claimant has the RFC to perform a certain type of work, the claimant must have the ability to perform the requisite acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world. *Reed v. Barnhart*, 399 F.3d 917, 923 (8th Cir. 2005)(citations omitted).

In the present case, the ALJ determined Plaintiff's bilateral wrist osteoarthritis was a severe impairment and limited Plaintiff's RFC to a full range of light work which requires the use of arms and hands to grasp and to hold and turn objects.[3] In determining Plaintiff's RFC, the ALJ discussed the RFC Assessment Form (RFC Form) dated December 15, 2018, completed by Dr. James E. Kelly, III, Plaintiff's hand surgeon, who opined Plaintiff could perform manipulative (reaching,

---

[3] SSR 98-10, 1983 WL 31251, *5-6.

4

handling, fingering, gripping and feeling) activities six to eight hours a day;[4] and, the non-examining medical consultants opinions (dated October 23, 2018, and February 28, 2019) indicating Plaintiff could perform light work, noting no manipulative limitations. With respect to Plaintiff's manipulative abilities, the ALJ found the opinions of Dr. Kelly and the non-examining consultants persuasive.

After reviewing the record, it is unclear whether Dr. Kelly completed the RFC Form with both upper extremities in mind; or, if the limitations indicated are only for Plaintiff's left upper extremity. (Tr. 542-543). Part C of the RFC Form requests the examiner to note if the limitations indicated on the form are for both extremities. Dr. Kelly made no such notation, which indicates that this form relates only to Plaintiff's left upper extremity. Dr. Kelly also reported that the clinical and laboratory findings to support the limitations listed on the form consisted of Plaintiff's left ulnar abutment procedure and follow-up treatment as of June 16, 2017. There is no indication that Dr. Kelly included limitations caused by Plaintiff's right upper extremity impairment when he completed the RFC Form.

Plaintiff's medical records reveal that during follow-up treatment for her left upper extremity in June of 2017, she told Dr. Kelly that she was experiencing similar symptoms with her right upper extremity. (Tr. 479). Dr. Kelly suspected Plaintiff would need to undergo a right ulnar abutment procedure and ordered Plaintiff to undergo a MRI and arthrogram of the right wrist. However, in November of 2017, Dr. Kelly reported Plaintiff was having difficulty undergoing the required MRI to verify the need for surgery due to her insurance declining the test. (Tr. 481). After

---

[4] Dr. Kelly opined Plaintiff could lift and/or carry twenty pounds frequently, and fifty pounds occasionally; could stand and/or walk a total of eight hours; could sit a total of eight hours; could push and/or pull (including hand/or foot controls) with no limitations; would need three or four work breaks or bathroom breaks (excluding meal breaks); could perform any work activities in a normal workday for either hours; could perform postural limitations for six to eight hours; could reach, handle, finger, grip and feel for six to eight hours; and had no environmental limitations. (Tr. 543).

undergoing physical therapy which failed to provide any pain relief, Dr. Kelly again requested a MRI of Plaintiff's right upper extremity. There is no indication that Plaintiff underwent the requested MRI or that she was seen by Dr. Kelly after November of 2017. However, in October of 2018, Plaintiff underwent a consultative general physical examination wherein she was found to have deceased range of motion in her wrists, bilaterally; a fifty percent grip strength, bilaterally; and an inability to write more than one to two words. (Tr. 527-532). Based on these exam findings, the examiner opined Plaintiff had moderate limitations with carrying, lifting, and handling. These findings were discounted by ALJ. As it is unclear whether the RFC Form relied upon by the ALJ included consideration of Plaintiff's right upper extremity impairment and a subsequent examination revealed Plaintiff had decreased range of motion in her wrists and a fifty percent decreased grip strength, the Court does not find substantial evidence supporting the ALJ's RFC determination. Accordingly, the Court finds remand necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four

of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 13th day of January 2022.

                                              /s/     *Christy Comstock*
                                          HON. CHRISTY COMSTOCK
                                          UNITED STATES MAGISTRATE JUDGE